**JS-6**

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

DIGNA BARREIRO, deceased by and through her personal legal representative and successor in interest, Daniel Batlle; and DANIEL BATLLE, individually,

Plaintiffs,

v.

AG REDLANDS LLC dba HIGHLAND CARE CENTER OF REDLANDS;
AG FACILITIES OPERATIONS, LLC;
JACOB WINTER;
DOES 1-25, inclusive; and
MARLENE BATLLE,

Defendants.

Case No. 5:21-cv-01329-JWH-SHK

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [ECF No. 13] AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [ECF No. 9]**

Before the Court are the following matters:

- the motion to remand[1] filed by:
  - Plaintiff Daniel Batlle, in his individual capacity; and
  - Plaintiff Digna Barreiro, deceased, by and through her personal legal representative and successor in interest, Daniel Batlle; and
- the motion to dismiss[2] filed by Defendants AG Redlands LLC; AG Facilities Operations, LLC; and Jacob Wintner.

The Court finds these matters appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[3] the Court orders that the Remand Motion is **GRANTED** and, therefore, that the Motion to Dismiss is **DENIED as moot**, as set forth herein.

## I. BACKGROUND

In June 2021, Plaintiffs filed their Complaint commencing this action in San Bernardino County Superior Court.[4] In their Complaint, Plaintiffs allege elder abuse and neglect, violation of patient rights, negligence, and wrongful death.[5]

In August, Defendants removed this action to this Court,[6] and a few days later Defendants filed their Motion to Dismiss.[7] The next month, Plaintiffs filed

---

1 Pls.' Motion for Remand (the "Remand Motion") [ECF No. 13].

2 Defs.' Mot. to Dismiss (the "Motion to Dismiss") [ECF No. 9].

3 The Court considered the following papers: (1) Compl. (the "Complaint") [ECF No. 1-1]; (2) the Motion to Dismiss; (3) the Remand Motion (including its attachments); (4) Pls.' Opp'n to the Remand Motion (the "Opposition") [ECF No. 16]; (5) Defs.' Req. for Judicial Notice (the "RJN") [ECF No. 17]; and (6) Defs.' Reply in Supp. of the Remand Motion (the "Reply") [ECF No. 18].

4 *See* Complaint 1:8-21. Unless otherwise noted, all dates are in 2021.

5 *Id.* at 1:11-16.

6 Defs.' Notice of Removal (the "Notice of Removal") [ECF No. 1].

7 *See* Motion to Dismiss.

their Remand Motion.[8] Defendants opposed[9] and filed a Request for Judicial Notice.[10] Both Motions are fully briefed.

## II. REQUEST FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of the following documents:

- Plaintiffs' Complaint for Damages, dated June 4, 2021 (Exhibit 1);
- Official acts of the United States Health and Human Services Secretary and his office (Exhibits 2-5, 30, 33, & 34);
- Letter by Robert Charrow, General Counsel for the Office of the Secretary of the Department of Health and Human Services, to Thomas Barker of Foley Hoag, LLP, dated August 14, 2020 (Exhibit 6);
- Advisory Opinions of the General Counsel for the Department of Health and Human Services, Office of the Secretary (Exhibits 7-9);
- List of Covered Countermeasures subject to Emergency Use Authorizations by the United States Food and Drug Administration, dated June 15, 2020 (Exhibit 10);
- Acts of Federal and State administrative Agencies (Centers for Disease Control and Prevention Guidance/Directives, Centers for Medicare and Medicaid Services Memorandums, and California Department of Public Health All Facilities Letters) (Exhibits 11-29);
- Statement of Interest of the United States of America submitted in *Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*, Case No. 3:20-cv-00683 (M.D. Tenn.), dated January 19, 2021 (Exhibit 31); and

---

8 *See* Remand Motion.

9 *See* Opposition.

10 *See* RJN.

- Order Regarding Plaintiff's Motions for Remand and Defendant's Motion to Dismiss Complaint in *Garcia v. Welltower OpCo Group LLC*, Case No. 8:20-CV-02250, at *8-*9 (C.D. Cal. Feb. 10, 2021), dated February 10, 2021 (Exhibit 32).[11]

The Court finds that those documents are all eligible for judicial noticeable, as they constitute either records on file with agencies, publicly available websites, or prior proceedings in federal and state courts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (finding records on file with agencies to be judicially noticeable); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (noting that publicly available websites are judicially noticeable); *see also In re Korean Air Lines Co.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011) (taking judicial notice of prior proceedings in federal and state courts). Defendants' request is thus **GRANTED**, and the Court takes judicial notice of those documents.

## III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

---

[11] *See* RJN 1:10-4:14.

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Jackson v. Specialized Loan Servicing, LLC*, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. *Id.*

## IV. DISCUSSION

### A. Remand Motion

Defendants removed this case because they contend that (1) Plaintiffs' state law claims are entirely preempted by the Public Readiness and Emergency Preparedness Act (the "PREP Act"), 42 U.S.C. §§ 247d-6d; (2) Plaintiffs' claims present a substantial federal question; and (3) removal is proper under the federal officer statute, 28 U.S.C. § 1442(a)(1).[12]

Courts within this District have decided nearly two dozen cases concerning federal jurisdiction under the PREP Act in cases—like this one—that involve wrongful death and negligence claims arising from the COVID-19 death of a skilled nursing facility resident. Every court in this District that has considered a remand under Defendants' theories, except for one, has held that federal courts lack jurisdiction, therefore making removal improper and mandating remand. *See Est. of Jenkins v. Beverly Hills Senior Care Facility, Inc.*, 2021 WL 3563545 (C.D. Cal. Aug. 12, 2021) (Walter, J.); *Romeo v. Canoga Healthcare, Inc.*, 2021 WL 3418730, at *3 (C.D. Cal. Aug. 5, 2021); *Est. of Acosta v. WDW Joint Venture*, 2021 WL 3089332, at *2-*5 (C.D. Cal. July 21, 2021) (Anderson, J.); *Acra v. California Magnolia Convalescent Hosp., Inc.*, 2021 WL

12 Notice of Removal ¶¶ 10, 49-51, & 55.

2769041, at *8 (C.D. Cal. July 1, 2021) (Wu, J.); *Reed v. Sunbridge Hallmark Health Servs., LLC*, 2021 WL 2633156, at *8 (C.D. Cal. June 25, 2021) (Walter, J.); *Thomas v. Century Villa Inc.*, 2021 WL 2400970, at *7 (C.D. Cal. June 10, 2021) (Scarsi, J.); *Forman v. C.p.c.h., Inc.*, 2021WL 2209308, at *3 (C.D. Cal. June 1, 2021) (Blumenfeld, J.); *Golbad v. GHC of Canoga Park*, 2021 WL 1753624, at *3 (C.D. Cal. May 4, 2021) (Wright, J.); *Padilla v. Brookfield Healthcare Ctr.*, 2021 WL 1549689, at *6 (C.D. Cal. Apr. 19, 2021) (Gee, J.); *Hopman v. Sunrise Villa Culver City*, 2021 WL 1529964, at *3 (C.D. Cal. Apr. 16, 2021) (Klausner, J.); *Winn v. California Post Acute LLC*, 2021 WL 1292507, at *5 (C.D. Cal. Apr. 6, 2021) (Anderson, J.); *Nava v. Parkwest Rehab. Ctr. LLC*, 2021 WL 1253577, at *4 (C.D. Cal. Apr. 5, 2021) (Wright, J.); *Stone v. Long Beach Healthcare Ctr., LLC*, 2021 WL 1163572, at *8-*9 (C.D. Cal. Mar. 26, 2021) (Walter, J.); *Ivey v. Serrano Post Acute, LLC*, 2021 WL 1139741, at *3 (C.D. Cal. Mar. 25, 2021) (Fischer, J.); *Smith v. Colonial Care Ctr., Inc.*, 2021 WL 1087284, at *1 (C.D. Cal. Mar. 19, 2021) (Klausner, J.); *Est. of McCalebb v. AG Lynwood, LLC*, 2021 WL 911951, at *6 (C.D. Cal. Mar. 1, 2021) (Blumenfeld, J.); *Lyons v. Cucumber Holdings, LLC*, 2021 WL 364640, at *6 (C.D. Cal. Feb. 3, 2021) (Walter, J.); *Saldana v. Glenhaven Healthcare LLC*, 2020 WL 6713995, at *3 (C.D. Cal. Oct. 14, 2020) (Olguin, J.); *Martin v. Serrano Post Acute LLC*, 2020 WL 5422949, at *3 (C.D. Cal. Sept. 10, 2020) (Fischer, J.). *But see Garcia v. Welltower OpCo Grp. LLC*, 2021 WL 492581, at *7 (C.D. Cal. Feb. 10, 2021) (Selna, J.) (deferring to OGC Advisory Opinion).

Except for *Garcia*, those rulings are consistent with the conclusions of district courts nationwide in legally identical cases. *See, e.g.*, *Rae by & through Montisano v. Anza Healthcare Inc.*, 2021 WL 2290776, at *3 (S.D. Cal. June 4, 2021) (collecting cases); *Est. of Parr by & through Parr v. Palm Garden of Winter Haven, LLC*, 2021 WL 1851688, at *2 (M.D. Fla. May 10, 2021) (collecting cases); *Roebuck v. Clinic*, 2021 WL 1851414, at *4 (D. Ariz. May 10, 2021)

(collecting cases); *Perez on behalf of Est. of Lozano v. Se. SNF LLC*, 2021 WL 1381232, at *2 (W.D. Tex. Apr. 12, 2021) (collecting cases).

The wide consensus in this District regarding the absence of federal jurisdiction under the PREP Act is resounding. The Court agrees with their reasoning and similarly finds that it does not have jurisdiction over the instant case.

**B. Motion to Dismiss**

Because the Court **GRANTS** Plaintiffs' Remand Motion, the Court **DENIES** Defendants' Motion to Dismiss **as moot**.

## V. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Defendants' Request for Judicial Notice is **GRANTED**.

2. Plaintiffs' Remand Motion is **GRANTED**. This action is **REMANDED** to San Bernardino County Superior Court.

3. Defendants' Motion to Dismiss is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: May 31, 2022

John W. Holcomb
UNITED STATES DISTRICT JUDGE